This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39931

**WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a CHRISTIANA TRUST, not individually but as Trustee for PRETIUM MORTGAGE ACQUISITION TRUST,**

Plaintiff-Appellee,

v.

**MELINDA L. KNOLL and KENNETH R. KNOLL,**

Defendants-Appellants,

and

**PAA-KO COMMUNITIES HOMEOWNERS ASSOCIATION, PAA-KO COMMUNITIES SEWER ASSOCIATION, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Nominee for COUNTRYWIDE BANK, FSB,**

Defendants,

and

**BANK OF AMERICA, N.A.,**

Third-Party Defendant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Daniel E. Ramczyk, District Court Judge**

Houser LLP
Solomon S. Krotzer

Albuquerque, NM

for Appellees

Trujillo Law LLC
Jeremy Trujillo
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**ATTREP, Chief Judge.**

**{1}**     Defendants appeal the district court's orders granting Plaintiff's motions for summary and default judgment. We issued a calendar notice proposing to affirm. Defendants have filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**     Defendants continue to argue that Plaintiff did not have standing to enforce the note at issue. Specifically, in their memorandum in opposition, Defendants argue that the presumption in *Deutsche Bank National Trust Co. v. Johnston*, 2016-NMSC-013, 369 P.3d 1046, "regarding blank indorsements did not create a prima facie case" and that "the district court did not properly weigh the evidence regarding standing at [s]ummary [j]udgment." [MIO 2] From this, Defendants assert that "filing a duly indorsed promissory note with a foreclosure complaint is only the first step in proving standing." [MIO 2] Defendants maintain that "it is insufficient for Plaintiff and other foreclosing [p]laintiffs to merely be in possession of a promissory note indorsed in blank. They likewise have to show that they are directly injured as well and show such at the time of filing." [MIO 3]

**{3}**     Although Defendants' assertion regarding standing is not incorrect, Defendants have nevertheless failed to explain why the presumption from *Johnston* does not apply here. As we suggested in our notice of proposed disposition, Plaintiff's predecessor, Bank of America, presented a note indorsed in blank with its initial complaint, thus entitling it to a presumption that it had standing to enforce the note as holder. [CN 4-5] *See Johnston*, 2016-NMSC-013, ¶ 25 ("If [the b]ank had presented a note indorsed in blank with its initial complaint, it would be entitled to a presumption that it could enforce the note at the time of filing and thereby establish standing."); *see also* NMSA 1978, § 55-3-301 (1992) (stating that a "'[p]erson entitled to enforce' an instrument means (i) the holder of the instrument").

**{4}**     Turning to Defendants' contention that "the district court failed to weigh the evidence and apply the standards for summary judgment in favor of the non[]moving party[,]" we are unpersuaded. [MIO 4] Defendants maintain that "the record does not show that the [district c]ourt considered whether actual transfers occurred between the

original lender and BAC Home Loans Servicing, LP prefiling of the [c]omplaint; and between Bank of America to Pretium post-filing of the [c]omplaint[]" and that the lack of evidence "created an issue as to whether the named Plaintiff-Appellee held all prior instruments and therefore was an injured party such that it had standing." [MIO 4, 5] Defendants, however, have not cited any authority to support the proposition that a lender must show the actual transfers of the note and the mortgage to demonstrate that it has standing to enforce the note. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *see also Johnston*, 2016-NMSC-013, ¶ 25 (reiterating that if a lender presents a note indorsed in blank with its original complaint, it establishes a presumption that the bank may enforce the note). Furthermore, Defendants have failed to point to evidence in the record proper to demonstrate that Bank of America was not in possession of the note at the time it filed its complaint for foreclosure such that it would not have had standing to enforce the note. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *Corona v. Corona*, 2014-NMCA-071, ¶ 26, 329 P.3d 701 ("The appellate court presumes that the district court is correct, and the burden is on the appellant to clearly demonstrate that the district court erred.").

{5} For the reasons stated in our notice of proposed disposition and herein, we affirm the district court's grant of summary judgment in favor of Plaintiff.

{6} **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**MEGAN P. DUFFY, Judge**